UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA

| In re:<br><br>RIVERIA HOLDINGS CORPORATION<br><br>☐ Affects this Debtor<br>☒ Affects all Debtors<br>☐ Affects RIVERIA OPERATING CORPORATION<br>☐ Affects RIVIERA BLACK HAWK, INC. | Case No.: 10-22910-LBR;<br>Chapter 11 Jointly Administered with:<br><br>10-22913-LBR   Riviera Operating Corp.<br>10-22915-LBR   Riviera Black Hawk, Inc. |
|---|---|

### DECLARATION OF CRAIG E. JOHNSON IN SUPPORT OF APPLICATION FOR ORDER APPROVING EMPLOYMENTOF THE GARDEN CITY GROUP, INC. AS CLAIMS AND NOTICING AGENT

I, Craig E. Johnson, being duly sworn, state the following under penalty of perjury:

1. My name is Craig E. Johnson.

2. I am a Senior Director of The Garden City Group, Inc. ("GCG") and I am authorized to make and submit this declaration on behalf of GCG. This declaration is submitted in support of the application (the "Application") of Riviera Holdings Corporation and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order authorizing and approving the (a) retention and employment of GCG as claims, and noticing agent for the Debtors, in accordance with the terms set forth in the Application and in the Bankruptcy Administration Agreement dated June 17, 2010 (the "Engagement Agreement"), attached hereto as Exhibit 1, and (b) appointment of GCG as agent of the Court. The statements contained herein are based upon personal knowledge.

### GCG's Qualifications

1. GCG is one of the country's leading chapter 11 administrators with expertise in noticing, claims processing, balloting administration and distribution. GCG is well qualified to

provide the Debtors with experienced noticing, claims and balloting services in connection with these cases. GCG has developed efficient and cost-effective methods to handle properly the voluminous mailings associated with the noticing, claims processing and balloting portions of chapter 11 cases to ensure the orderly and fair treatment of creditors, equity security holders and all parties in interest.

2. Among the large chapter 11 cases in which GCG is or was retained as noticing, claims and/or balloting agent to debtors are: <u>In re: Motors Liquidation Company (f/k/a General Motors Corp.)</u>, case no. 09-50026 (REG); , <u>In re: BearingPoint, Inc.</u>, case no. 09-10691 (REG), <u>In re: Fortunoff Holdings, LLC</u>, case no. 09-10497 (RDD); <u>In re: Star Tribune Holdings Corporation</u>, case no. 09-10244 (RDD), which were filed in the Southern District of New York; In re: Building Materials Holding Corporation, case no 09-12074 (KJC); <u>In re: R.H. Donnelley Corporation</u>, case no. 09-11833 (KG): <u>In re Hayes Lemmerz International, Inc.</u>, case no. 09-11655 (MFW), which were filed in the District of Delaware; <u>In re: TCI 2 Holdings, LLC (a/k/a Trump Enterntainment Resorts, Inc.)</u>, case no. 09-13654 (JHW); <u>In re Foxtons, Inc., et al.</u>, case no. 07-24496 (MBK), which were filed in the District of New Jersey; <u>In re: Oscient Pharmaceuticals Corporation</u>, case no. 09-16576 (HJB), which was filed in the District of Massachusetts; <u>In re: O'Sullivan Industries, Inc.</u>, case no. 05-83049 (CRM) and <u>In re: Galey & Lord, Inc., et al.</u>, case no. 04-43098 (MGD), which were filed in the Northern District of Georgia; <u>In re: SENCORP</u>, case no. 09-12869 (JVA) and <u>In re: United Producers, Inc.</u>, case no. 05-55272 (CMC), which were filed in the Southern District of Ohio; <u>In re: The Boyds Collection, Ltd.</u>, case no. 05-43793 (DWK), which was filed in the District of Maryland; and <u>In re: The Oceanaire Texas Restaurant Company, L.P.</u>, case no. 09-34262 (BJH) and <u>In re: Romacorp, Inc.</u>, case no. 05-86818 (BJH), which were filed in the Northern District of Texas.

**Services Provided**

3. In accordance with the terms and conditions of the Engagement Agreement, and in compliance with the Guidelines for a Claims Agent, promulgated by the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), GCG will render the services required pursuant thereto (and noted below), as well as any additional services at the request of the Debtors or the office of the Clerk of the Bankruptcy Court (the "Clerk's Office"). GCG will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of services.

4. Specifically, as noticing, claims and balloting agent in these chapter 11 cases, GCG proposes to provide certain services including:

   a. Noticing. Prepare and serve all required notices in these chapter 11 cases, including: (i) a notice of the commencement of these chapter 11 cases and the initial meeting of creditors under section 341(a) of the Bankruptcy Code; (ii) notice of any claims bar date; (iii) motions, applications and other requests for relief and related documents; (iv) objections, responses and replies with respect to requests for relief; (v) hearing agendas; (vi) objections to claims; (vii) any disclosure statements, chapter 11 plans and all documents related thereto; and (viii) all notices of the filing of the documents listed above, hearings and such other miscellaneous notices as the Debtors or the Court may deem necessary or appropriate for orderly administration of these chapter 11 cases.

   b. Claims Administration. Administration of claims, and maintenance of claims registers on behalf of the Debtors, including: (i) maintaining an official claims register in the Debtors' chapter 11 cases by docketing all proofs of claim and proofs of interest in a database, as well as on the Court's Case Management/Electronic Case Filing System ("CM/ECF"); (ii) maintaining copies of all proofs of claim and proofs of interest filed in these chapter 11 cases; (iii) updating the official claims registers in accordance with Court orders; (iv) implementing necessary security measures to ensure the completeness and integrity of the claims registers; (v) transmitting a copy of the claims

registers to the Clerk's Office, as requested; (vi) providing public access for examination of copies of the proofs of claim and proofs of interest filed in these chapter 11 cases; (vii) recording all transfers of claims pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, if directed to do so by the Court, provide notice of such transfers as required by Bankruptcy Rule 3001(e); and (viii) establishing a case website with case information, including key dates, service lists and free access to the case docket within three days of docketing.

c. Balloting Services. Acting as balloting agent, which may include some or all of the following services: (i) printing ballots and coordinating the mailing of solicitation packages (*i.e.*, ballots, disclosure statement and chapter 11 plan) to all voting and non-voting parties and providing a certificate or affidavit of service with respect thereto; (ii) establishing a toll-free "800" number to receive and answer questions regarding voting with respect to any chapter 11 plan; (iii) receiving ballots at a post office box, inspecting ballots for conformity to voting procedures, consecutively date-stamping and numbering ballots, and tabulating and certifying the results; and (iv) preparing voting reports and amount by plan class, creditor or shareholder for review and approval by the Debtors and their counsel.

d. Additional Services. (i) Maintain a telephone hotline to handle inquiries relating to procedures for filing proofs of claim and general case information and (ii) Assist the Debtors and their professionals with (a) the preparation and maintenance of the list of all creditors and those entities filing a request for notice and (b) the formatting and filing of the Debtors' statements of financial affairs and schedules of assets and liabilities.

**Professional Compensation**

5.  Subject to the Court's approval, the Debtors have agreed to compensate GCG for professional services rendered in connection with these chapter 11 cases pursuant to the Engagement Agreement. Payments are to be based upon the submission to the Debtors by GCG of a billing statement, which includes a detailed listing of services and expenses, at the end of each calendar month. GCG has received a $40,000.00 retainer from the Debtors and will apply same

4

first against all pre-petition fees and expenses and then against the first bill for fees and expenses that GCG will render in these chapter 11 cases.

## Disinterestedness

6.  The Debtors selected GCG to serve as the noticing, claims and balloting agent for the Debtors' estates, as set forth in more detail in the Application filed contemporaneously herewith. To the best of my knowledge, neither GCG, nor any of its professional personnel, has any relationship with the Debtors that would impair GCG's ability to serve as noticing, claims and balloting agent in these chapter 11 cases. GCG does have relationships with some of the Debtors' creditors, but they are in matters unrelated to these chapter 11 cases, either as vendors or in cases where GCG serves in a neutral capacity as a class action settlement claims administrator. GCG's assistance in the cases where GCG acts as a class action settlement claims administrator has been primarily related to the design and dissemination of legal notices and other administrative functions in class actions.

7.  GCG has working relationships with certain of the professionals retained by the Debtors and other parties herein but such relationships are completely unrelated to these chapter 11 cases.

8.  GCG personnel may have relationships with some of the Debtors' creditors; however, such relationships are of a personal, financial nature and completely unrelated to these chapter 11 cases. GCG has and will continue to represent clients in matters unrelated to these chapter 11 cases and has had and will continue to have relationships in the ordinary course of its business with certain vendors and professionals in connection with matters unrelated to these chapter 11 cases.

9.  Since 1999, GCG has been a wholly owned subsidiary of Crawford & Company. I am advised that Crawford & Company has no material relationship with the Debtors, and while it

may have rendered services to certain creditors or have a vendor relationship with some creditors, such relationships were (or are) in no way connected to GCG's representation of the Debtors in these chapter 11 cases.

10. GCG is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, in that GCG and its professional personnel:

    a. are not creditors, equity security holders or insiders of the Debtors;

    b. are not and were not, within two years before the date of the filing of these cases, directors, officers or employees of the Debtors; and

    c. do not have an interest materially adverse to the interests of the Debtors' estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

*See* 11 U.S.C. § 101(14).

11. GCG has not been retained to assist any entity or person other than the Debtors on matters relating to, or in connection with, these chapter 11 cases. If GCG's proposed retention is approved by this Court, GCG will not accept any engagement or perform any service for any entity or person other than the Debtors in these chapter 11 cases. GCG may, however, provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

12. GCG represents, among other things, that:

    a. it will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as claims agent;

    b. by accepting employment in these chapter 11 cases, GCG waives any right to receive compensation from the United States government;

    c.    in its capacity as claims agent, GCG will not be an agent of the United States and will not act on behalf of the United States; and

    d.    GCG will not employ any past or present employees of the Debtors in connection with its work as claims agent.

GCG will comply with all requests of or by the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of section 156(c) of the U.S. Code.

Pursuant to section 1746 of the U.S. Code, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 12, 2010.

                              By:    /s/ Craig E. Johnson
                                          Craig E. Johnson
                                          Senior Director
                                          The Garden City Group, Inc.