GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
THOMAS H. FELL, ESQ.
Nevada Bar No. 3717
E-mail: tfell@gordonsilver.com
JOHN P. WITUCKI, ESQ.
Nevada Bar No. 10800
E-mail: jwitucki@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Reorganized Debtors

E-Filed: 2-11-11

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 10-22910-LBR |
| RIVIERA HOLDINGS CORPORATION | **Chapter 11 Jointly Administered with:** |
| ☐ Affects this Debtor. | 10-22913-LBR    Riviera Operating Corp. |
| ☒ Affects all Debtors. | 10-22915-LBR    Riviera Black Hawk, Inc. |
| ☐ Affects RIVIERA OPERATING CORPORATION | |
| ☐ Affects RIVIERA BLACK HAWK, INC. | Date: March 17, 2011 |
| | Time: 1:30 p.m. |

### DEBTORS' FOURTH OMNIBUS OBJECTION TO CERTAIN UNLIQUIDATED PROOFS OF CLAIM FILED BY PERSONAL INJURY CLAIMANTS PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007(d)(5)

Riviera Holdings Corporation, a Nevada corporation ("Riviera" or "RHC"), Riviera Operating Corporation, a Nevada corporation ("ROC"), and Riviera Black Hawk, Inc., a Colorado corporation ("RBH" and, together with the foregoing entities, the "Debtors"), the Debtors and Debtors-in-possession, by and through their attorneys, the law firm of Gordon Silver, hereby submit their Fourth Omnibus Objection To Certain Unliquidated Proofs Of Claim Filed By Personal Injury Claimants Pursuant To 11 U.S.C. § 502 And Fed. R. Bankr. P. 3007(d)(5) (the "Objection") to the claims described herein (collectively, the "Claims") filed by the claimants identified herein (collectively, the "Claimants"). This Objection seeks to eliminate those proofs of claim (collectively, the "Proofs of Claim") that were filed by Claimants asserting

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103000-004/1129694_2

Claims related to alleged personal injuries: 1) in amounts that are unliquidated and for which each Claimant asserting each such Claim has failed to obtain relief from the automatic stay to liquidate his or her Claim; and 2) for which no legal or factual basis exists to support the Claims or their asserted amounts upon the Debtors' review of the Proofs of Claim and their Books and Records (defined below). **CLAIMANTS RECEIVING THIS OMNIBUS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON PAGE 4 OF THIS OMNIBUS OBJECTION BELOW.**

This Objection is made and based upon the memorandum of points and authorities which follow, the <u>Declaration Of Phillip B. Simons In Support Of Debtors' Fourth Omnibus Objection To Certain Unliquidated Proofs Of Claim Filed By Personal Injury Claimants Pursuant To 11 U.S.C. § 502 And Fed. R. Bankr. P. 3007(d)(5)</u> (the "Simons Declaration") filed herewith, any pleadings, papers or other matters on file herein, judicial notice of which is hereby requested, and any oral argument of counsel to be presented at the time of the hearing on this Objection.

## POINTS AND AUTHORITIES

### I.
### INTRODUCTION

1. On July 12, 2010 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code[1] thereby commencing the above-captioned bankruptcy cases (the "Chapter 11 Cases").

2. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Court established the bar date for filing proofs of claim as November 24, 2010 (the "Bar Date").

4. The Official Committee of Unsecured Creditors was established on August 25, 2010. <u>See</u> Docket No. 174.

---

[1] All references to "Chapter" and "Section" herein are to title 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), all references to a "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to a "Local Rule" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103000-004/1129694_2

2

5.     On September 17, 2010, the Debtors filed their <u>Second Amended Joint Plan Of</u> <u>Reorganization</u> (the "Plan") [Docket No. 257].[2]

6.     On November 8, 2010, the Court held a hearing on confirmation of the Debtors' Plan and orally confirmed the Plan subject to various modifications by placing its findings of fact and conclusions of law on the record at the hearing.

7.     On November 17, 2010, the Court entered its written order confirming the Plan (the "Confirmation Order") [Docket No. 352].

## II.
## BACKGROUND

8.     The Debtors maintain books and records ("Books and Records") in the ordinary course of business.  These Books and Records reflect, among other things, the Debtors' liabilities and the amounts thereof owed to their creditors.

9.     The Debtors' claims register (the "Claims Register"), prepared and provided by the Debtors' claims agent, The Garden City Group, Inc., reflects that, as of the Bar Date, approximately 217 proofs of claim have been filed in these Chapter 11 Cases asserting claims against the Debtors.   The Debtors and their advisors are comprehensively reviewing and reconciling all prepetition claims listed on the Debtors' schedules and the claims asserted in the proofs of claim (including any supporting documentation) filed in these Chapter 11 Cases.  The Debtors are also comparing the claims asserted in the proofs of claim with their Books and Records to determine the validity of the asserted claims.

10.    This reconciliation process includes identifying particular categories of claims that may be targeted for disallowance and expungement, reduction and allowance, or reclassification and allowance.  To reduce the number of claims, and to avoid possible double recovery or otherwise improper recovery by claimants, the Debtors anticipate filing several omnibus objections to such categories of claims.  This Objection is one such omnibus objection.

11.    The Debtors have previously filed their <u>First Omnibus Objection To Stock</u> <u>Ownership Claims Pursuant To 11 U.S.C. § 502 And Fed. R. Bankr. P. 3007(d)(7)</u> (the "First

---

[2] All capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Plan.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103000-004/1129694_2

3

Omnibus Objection"), their <u>Second Omnibus Objection To Certain Unliquidated Proofs Of Claim Filed By Personal Injury Claimants Pursuant To 11 U.S.C. § 502 And Fed. R. Bankr. P. 3007(d)(5)</u> (the "Second Omnibus Objection"), and their <u>Third Omnibus Objection To Stock Ownership Claims Pursuant To 11 U.S.C. § 502 And Fed. R. Bankr. P. 3007(d)(7)</u> (the "Third Omnibus Objection"). Therefore, this Objection is the fourth omnibus objection to proofs of claim the Debtors have filed in these Chapter 11 Cases.

## III.
## REQUESTED RELIEF

12.    Since the Petition Date, various Claimants filed Proofs of Claim alleging amounts owed by certain Debtors based upon alleged personal injuries. For such Proofs of Claim, the Claimants have asserted: 1) amounts that are unliquidated and for which the Claimants have failed to obtain relief from the automatic stay to liquidate their Claims; and 2) Claims and Claim amounts for which the Debtors have determined that there is an insufficient legal or factual basis. **Claimants receiving this Objection should locate their names and claims below, if any.**

| Claimant | Debtor Name | Claim No. | Date Filed | Claim Amount |
|---|---|---|---|---|
| Forehand, Rachel | Riviera Operating Corporation | 56 | 9/3/10 | $195,000.00 |
| Gutierrez, Mary | Riviera Operating Corporation | 53 | 9/7/10 | $150,000.00 |
| Light, James[3] | Riviera Operating Corporation | 32 | 8/18/10 | $1,650.00 |
| Olivo, Rebecca | Riviera Operating Corporation | 54 | 9/7/10 | $5,000.00 |
| Preston, Rochelle[4] | Riviera Holdings Corporation | 12 | 8/9/10 | $1,000.00 |
| Stevens-Wallace, Isis | Riviera Holdings Corporation | 96 | 11/20/10 | $500,000.00 |
| Stevens-Wallace, Isis | Riviera Operating Corporation | 93 | 11/20/10 | $500,000.00 |
| Stevens-Wallace, Isis | Riviera Black Hawk, Inc. | 23 | 11/20/10 | $500,000.00 |

13.    After carefully reviewing the Proofs of Claim, all supporting information and documentation provided therewith, and each of the relevant Debtors' Books and Records, the Debtors have determined that the Claimants have failed to establish the validity and amount of their Claims. Accordingly, the Debtors object to the Claims listed above and seek entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "Order"), disallowing the

---

[3] The Debtors' Books and Records reveal that Mr. Light's Claim was settled in September 2008 for $2,401.50 and future accommodations.

[4] The Debtors' Books and Records reveal that Ms. Preston's Claim was settled in February 2010 for $249.00.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103000-004/1129694_2

4

1   Claims in their entirety.[5]

2
# IV.
## LEGAL ARGUMENT

3

**A.    This Court Has Jurisdiction To Disallow Personal Injury Claims.**

4

5   This Court has the authority to disallow personal injury claims. The "core" jurisdiction

of the bankruptcy court includes the "allowance or disallowance of claims against the estate."

6   See 28 U.S.C. § 157(b)(2)(B) (providing that "core" proceedings include "allowance or

7   disallowance of claims against the estate . . . but not the liquidation or estimation of contingent or

8   unliquidated personal injury tort . . . claims"); see e.g., In re G.I. Industries, Inc., 204 F.3d 1276,

9   1279-80 (9th Cir. 2000) (stating that "[t]he filing of a proof of claim is the prototypical situation

10  involving the 'allowance or disallowance of claims against the estate,' a core proceeding under

11  28 U.S.C. 157(b)(2).").  While bankruptcy courts are precluded from determining the liquidation

12  of personal injury tort claims, nothing divests the bankruptcy court of its "core" jurisdiction to

13  determine whether a legal basis exists for a claim.  See 28 U.S.C. § 157(b)(2)(B), (O); see e.g., In

14  re Pacific Gas & Electric Co., 279 B.R. 561, 565 n.4 (N.D. Cal. 2002) (citing In re U.S. Lines,

15  Inc., 262 B.R. 223, 233 (S.D.N.Y. 2001) (a bankruptcy court may allow or disallow personal

16  injury claims as a matter of law)); see also In re Chateaugay Corp., 111 B.R. 67, 75 (Bankr.

17  S.D.N.Y. 1990) (holding that the bankruptcy court has jurisdiction to determine whether personal

18  injury claims meet certain thresholds for allowance).  Simply put, this Court has the power to

19  disallow defective personal injury claims.  See In re Standard Insulations, Inc., 138 B.R. 947,

20  955 (Bankr. W.D. Mo. 1992) ("[a]s a matter of judicial economy the bankruptcy court must have

21  authority to dispose of defective personal injury claims").

22  By this Objection, the Debtors are not seeking to liquidate the Claims but rather seek to

23  have them disallowed because the Proofs of Claim fail to establish the amounts of the Claims,

24  and more importantly, they fail to establish that the Debtors are legally liable to the Claimants.

25  / / /

26

27  _____

[5] Pursuant to Local Rule 3007(a)(4), copies of the first pages of the Proofs of Claim are attached hereto as Exhibit
28  B.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103000-004/1129694_2

**B.    Standard For Disallowance Of Proofs Of Claim.**

Section 502(a) of the Bankruptcy Code provides that any proof of claim "is deemed allowed, unless a party in interest ... objects." Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 225 (B.A.P. 9th Cir. 1995) (citing Whitney v. Dresser, 200 U.S. 532, 534-35 (1906)). Unlike a proof of claim, which must be filed before the bar date, an objection to a proof of claim may be filed at any time. In re Consolidated Pioneer Mortg., 178 B.R. at 225 (citing In re Thompson, 965 F.2d 1136, 1147 (1st Cir. 1992), In re Kolstad, 928 F.2d 171, 174 (5th Cir. 1991), cert. denied, 502 U.S. 958, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991)). Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 permit a party in interest to object to a filed proof of claim. An objection to a proof of claim initiates a contested matter and requires that a hearing be held. See 11 U.S.C. § 502(b); Fed. R. Bankr. P. 3007(a); Local Rule 3007(c).

The Ninth Circuit Court of Appeals has described the shifting burdens of proof with respect to objections to proofs of claim:

> Inasmuch as Rule 3001(f) and section 502(a) provide that a claim or interest as to which proof is filed is "deemed allowed," the burden of initially going forward with the evidence as to the validity and the amount of the claim is that of the objector to that claim. In short, the allegations of the proof of claim are taken as true. If those allegations set forth all the necessary facts to establish a claim and are not self-contradictory, they *prima facie* establish the claim. Should objection be taken, the objector is then called upon to produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves. **But the ultimate burden of persuasion is always on the claimant.** Thus, it may be said that the proof of claim is some evidence as to its validity and amount. It is strong enough to carry over a mere formal objection without more.

Wright v. Holm (In re Holm), 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 L. King, COLLIER ON BANKRUPTCY § 502.02, at 502-22 (15th ed. 1991)) (footnotes omitted) (emphasis added). See also Lundell v. Anchor Constr. Specialists, Inc., 223 F.3d 1035, 1040 (9th Cir. 2000) (holding that the bankruptcy court correctly understood that the ultimate burden of persuasion was on the creditor); Spencer v. Pugh (In re Pugh), 157 B.R. 898, 901 (B.A.P. 9th Cir. 1993) (holding claimant bears ultimate burden of persuasion as to validity and amount of the claim by a preponderance of the evidence). If the objector produces sufficient evidence to negate

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103000-004/1129694_2

6

1   one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove

2   the validity of the claim by a preponderance of the evidence.    _Lundell_, 223 F.3d at 1039

3   (citations omitted).

4          Bankruptcy Rule 3001(f) provides that a proof of claim executed and filed in accordance

5   with the Bankruptcy Rules shall constitute _prima facie_ evidence of the validity and amount of the

6   claim.  _See_ Fed. R. Bankr. P. 3001(f).  However, where a claimant fails to attach any written

7   support to a proof of claim, the "claim is <u>not</u> entitled to be considered _prima facie_ evidence of

8   the claim's validity."  _In re Consolidated Pioneer Mortg._, 178 B.R. at 226 (emphasis added).

9   This is due to Bankruptcy Rule 3001(c)'s express requirement that "when a claim...is based on a

10  writing, the original or a duplicate shall be filed with the proof of claim."  However, where such

11  records may be voluminous, a claimant can comply with Bankruptcy Rule 3001 by submitting a

12  detailed summary.  _See_ _Heath v. American Express Travel Related Serv. Co., Inc. (In re Heath)_,

13  331 B.R. 424, 432 (B.A.P. 9th Cir. 2005).  Although there "is no uniform standard for what must

14  be contained in such summary," it is clear that, at the very minimum, there must be a

15  "breakdown of interest and other charges."  _See_ _Id_.  Where the proof of claim omits an essential

16  element of the substantive claim, the objector "need only note the absence of any such showing"

17  and need not offer evidence in support.  _Atwood v. Chase Manhattan Mortgage Co. (In re_

18  _Atwood)_, 293 B.R. 227, 233 (B.A.P. 9th Cir. 2003).

19         In accordance with Section 502(b) of the Bankruptcy Code, the validity and amount of

20  the claim shall be determined as of the date of the filing of the bankruptcy petition.  Section

21  502(b)(1) requires disallowance of a claim if "such claim is unenforceable against the debtor and

22  property of the debtor, under any agreement or applicable law for a reason other than because

23  such claim is contingent or unmatured. . ."  11 U.S.C. § 502(b)(1).  The "applicable law"

24  referenced in Section 502(b)(1) includes bankruptcy law as well as other federal and state laws.

25  _See_ _Cavaliere v. Sapir_, 208 B.R. 784, 786-787 (D. Conn. 1997) (providing that "applicable law"

26  includes bankruptcy law).  A debtor is therefore allowed to raise any federal or state law

27  defenses to a claim.  _See_ _In re G.I. Industries, Inc._, 204 F.3d 1276, 1281 (9th Cir. 2000) (stating

28  that a claim cannot be allowed under Section 502(b)(1) if it is unenforceable under

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103000-004/1129694_2

1   nonbankruptcy law); <u>Johnson v. Righetti</u>, 756 F.2d 738, 741 (9th Cir. 1985) (finding that the

2   validity of the claim may be determined under state law); <u>In re Eastview Estates II</u>, 713 F.2d 443,

3   447 (9th Cir. 1983) (applying California law).

4   **C.    The Claims Are Properly Disallowed Because The Claimants Have Failed To Satisfy
        Their Burden Of Establishing _Prima Facie_ Evidence Of The Validity And Amount**

5   **Of Their Claims.**

6           The above-listed Claims are based upon alleged personal injuries. The Proofs of Claim

7   evidencing such Claims fail to establish liability against the Debtors through valid judgments or

8   otherwise.[6]   Moreover, the Proofs of Claim assert either unliquidated/unknown amounts, or

9   amounts that are not established through sufficient supporting evidence.   Finally, none of the

10  Claimants asserting the above-listed Claims has sought or been granted relief from the automatic

11  stay imposed by Section 362(a) of the Bankruptcy Code, which relief would have enabled them

12  to attempt to establish liability against the Debtors and otherwise liquidate their Claims.

13          Notwithstanding the Debtors' willingness throughout these Chapter 11 Cases to allow

14  creditors to liquidate their claims, none of the Claimants herein has attempted to liquidate or

15  otherwise support their Claims beyond providing the insufficient documentation that was

16  initially filed with their Proofs of Claim.   The Debtors' Plan has been confirmed, and the

17  Claimants' failure to support or pursue their Claims is inexcusable at this juncture in these

18  Chapter 11 Cases.   Because the Proofs of Claim do not meet the standards of _prima facie_

19  validity, and because the Claimants have otherwise failed to sufficiently establish the validity

20  and amount of their Claims, each of the Claims should be disallowed in their entirety.

21  **D.    The Standards Governing Omnibus Objections To Claims Have Been Met Through
        This Objection.**

22

23          Bankruptcy Rules 3007(d)(5) and (e) govern this Objection to the Claims herein.

    Bankruptcy Rule 3007(d)(5) specifically allows for omnibus objections to claims if "they have
24
    been satisfied or released during the case in accordance with the Code, applicable rules, or a
25
    court order." Fed. R. Bankr. P. 3007(d)(5)
26

---

27  [6] The Debtors hereby deny any and all allegations stated or implied in the Proofs of Claim that attempt to establish
    liability against the Debtors.   The Debtors further hereby assert all relevant affirmative defenses against such
28  allegations.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103000-004/1129694_2

8

Further, the requirements for omnibus objections are contained in Bankruptcy Rule 3007(e), which provides that such objections shall:

> (1) state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection; (2) list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims; (3) state the grounds of the objection to each claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds; (4) state in the title the identity of the objector and the grounds for the objections; (5) be numbered consecutively with other omnibus objections filed by the same objector; and (6) contain objections to no more than 100 claims.

Fed. R. Bankr. P. 3007(e).

This Objection falls within the grounds set forth in Bankruptcy Rule 3007(d)(5) as the Claims are properly disallowed as Disputed Claims pursuant to the Plan and Confirmation Order. See Plan, § 13.2(a). Indeed, as each of the Claims has been listed as disputed, contingent, and/or unliquidated in the Schedules, none of the Claims may be deemed an Allowed Claim entitled to payment. See id. at § 1.1.44. Thus, this Objection is unnecessary for the purpose of disallowing the Claims because they are already Disputed Claims that cannot receive a distribution under the Plan. However, the Debtors have filed this Objection out of abundance of caution and to obtain a final determination with respect to the Claims. Accordingly, and in light of the fact that all of the Claims herein are objected to on exactly the same grounds, the omnibus format of this Objection is authorized and appropriate. Finally, each of the requirements set forth in Bankruptcy Rule 3007(e) have been complied with upon the filing of this Objection. Therefore, the Objection should be sustained and all Claims listed on page 4 above should be disallowed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103000-004/1129694_2

9

## V.
## CONCLUSION

WHEREFORE, the Debtors object to the Claims as referenced herein and request that this Court enter an Order granting the relief requested above, disallowing such Claims in their entirety, and granting such other and additional relief as is just and proper.

DATED this __11th__ day of February, 2011.

GORDON SILVER

By: _____
GERALD M. GORDON, ESQ.
THOMAS H. FELL, ESQ.
JOHN P. WITUCKI, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Reorganized Debtors

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103000-004/1129694_2

10